UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| TARA W. RAINES | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil Action No. _____ |
| WAKEFIELD & ASSOCIATES, INC., | ) | Jury Trial Demanded |
| Defendant. | ) | |

**COMPLAINT**

**INTRODUCTION**

1. This action arises out of Defendant Wakefield & Associates, Inc.'s (Wakefield) violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") in its illegal efforts to collect a consumer debt from Plaintiff Tara W. Raines (Plaintiff).

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here, Plaintiff resides here, and Wakefield transacts business here.

**PARTIES**

4. Plaintiff is a natural person who resides in Cocke County, Tennessee.

5. Wakefield is a for-profit foreign corporation (Colorado) registered to do business in Tennessee with a principal office located at 10800 E Bethany Dr, Aurora, CO 80014-2697

that maintains Incorp Services, Inc., 216 Centerview Dr, Ste 317, Brentwood, TN 37027-3226 as its registered agent.

## FACTUAL ALLEGATIONS

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Wakefield regularly engages in the business of using the mails and telephone system, sending collection letters, reporting to credit reporting agencies, including Experian, Equifax and TransUnion, paying the filing fees and process service fees to file collection lawsuits and requests for the issuance of garnishments of wages and levies of bank accounts, preparing sworn affidavits for its clients to sign in support of collection lawsuits, or for it to sign as an agent for its clients, and attempting to collect debts in person, all in an effort to collect consumer debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Wakefield has alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and the obligation is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely a debt for medical services allegedly owed by Plaintiff to an entity named East TN Childrens Hospital FT (ETCHFT) (debt).

9. After default, ETCHFT hired Wakefield to attempt collection of the debt from Plaintiff.

### *Collection Communications*

10. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. 15 U.S.C. § 1692a(2).

*July 7, 2018 Collection Letter*

11. On or about July 7, 2018, Wakefield sent a collection letter dated July 7, 2018 to Plaintiff (collection letter). **Copy filed as exhibit 1 to this Complaint (hereinafter "Doc. 1-1").**

12. On the front page of the collection letter it states:

    | Wakefield Account # | 01-181829103 |
    |---|---|
    | Creditor | EAST TN CHILDRENS HOSPITAL FT |
    | Creditor Account # | 0400PRG0185579127 |
    | Total Balance Due | $455.81 |

    **See Doc. 1-1, p. 1.** (bold in original)

13. On the front page of the collection letter it also states:

    **YOUR ACCOUNT(S) HAS BEEN LISTED WITH
    THIS OFFICE FOR COLLECTION**

    Our client has referred your account(s) to our professional debt collection agency for collection. Please remit payment in full in the enclosed envelope. If you wish to arrange payment by CREDIT CARD or BANK DRAFT please contact our office at the telephone number listed above. If you cannot pay the entire amount, please contact our office and we will see what other options you may have. We understand your situation and will work with you.

    Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

    If you cannot pay the balance in full, please contact our office to discuss resolution of your account(s).

> As of the date listed at the top of this letter, you owe $455.81. Because of interest which accrues at the rate of 10.00 % per annum, the amount due on the day you pay may be greater. However, if you pay the balance of $455.81 within 45 days of the date on this letter, this account would be considered paid in full.
>
> **This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**
>
> **Please see the reverse side of this letter for a list of the account(s) this notice applies to.**
>
> **Please see the reverse side of this letter for important notices and disclosures.**

**See Doc. 1-1, p. 1.** (bold in original)

14. On the back page of the collection letter it states:

### Accounts Included in this Notice

| Wakefield Account | Client Account | Patient | Date of Service | Principal | Interest | Total Due |
|---|---|---|---|---|---|---|
| 181829103 | 0400PRG0185579127 | RAINES, AUSTIN CLIFTON | 04/09/17 | 454.97 | .84 | 455.81 |
| **TOTALS:** | | | | $454.97 | $.84 | $455.81 |

15. The communication by Wakefield in the form of the collection letter is a communication by Wakefield in connection with collection of the debt, and conveyed information regarding the debt, including the creditor alleged to be owed the debt being collected, and the amount alleged as owed, and is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. The collection letter sought to collect a purported consumer debt incurred for personal, family or household purposes, and not for business purposes, specifically the balance allegedly owed for medical services provided to Plaintiff.

17. In response to the collection letter, on September 10, 2018, Plaintiff sent a dispute letter to Wakefield. **Copy filed as exhibit 2 to this Complaint (hereinafter "Doc. 1-2").**

18. The dispute letter stated, among other things:

    > I received a collection letter from you in July but have not been able to figure out who you are attempting to collect debt for (copy enclosed). Do not have any Explanation of Benefits from my insurance company with this healthcare provider name, so I dispute that I owe it. If you have any documents showing who I owe this debt to, including copies of any contracts I signed or other documents making me responsible for this debt, please provide those.

19. Plaintiff never received a response from Wakefield in response to this dispute showing the name of the actual creditor.

## FDCPA CLAIMS

20. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. **See 15 U.S.C. §§ 1692** *et seq.*

21. Congress passed the FDCPA because "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors . . . , [e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers . . . , and [m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." **15 U.S.C. §§ 1692 (a), (b), and (c).**

22. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." **15 U.S.C. § 1692 (e).**

23. The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an

extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)"; *see also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

24. "'Courts must view any alleged [FDCPA] violation through the lens of the 'least sophisticated consumer'—the usual objective legal standard in consumer protection cases.' *Gionis v. Javitch, Block, Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007). (internal quotation marks and citations omitted); *see also Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008)". *Stratton, supra*, at 450.

25. "Debt collection is performed through 'communication,' . . . 'conduct,' . . . or 'means'. These broad words suggest a broad view of what the Act considers collection . . . [I]f a purpose of an activity taken in relation to a debt is to 'obtain payment' of the debt, the activity is properly considered debt collection." *See Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461 (6th Cir. 2013).

***Failure to Send a Notice That Contains the Name of the Creditor to Whom the Debt is Owed***

26. The communication by Wakefield in the form of the collection letter is the initial communication by Wakefield in connection with collection of the debt from Plaintiff.

27. The collection letter states the name of the creditor who allegedly is owed the debt is East TN Childrens Hospital FT. **See Doc. 1-1, p. 1.**

28. On information and belief, no entity by the name East TN Childrens Hospital FT exists.

29. The text of § 1692g(a)(2) plainly requires a debt collector to send a consumer "written notice containing the name of the creditor to whom the debt is owed.".

30. The debt cannot be owed to East TN Childrens Hospital FT if this entity does not exist.

31. Within five days after the initial communication in the form of the collection letter, Plaintiff had not paid the debt.

32. Within five days after the initial communication in the form of the collection letter, Wakefield failed to send Plaintiff a written notice containing the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(2).

*False Representation of the Amount of the Debt*

33. In Tennessee, "[p]rejudgment interest, i.e., interest as an element of, or in the nature of, damages, as permitted by the statutory and common laws of the state as of April 1, 1979, may be awarded by courts or juries in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum." **See Tenn. Code Ann. § 47-14-123.**

34. An award of prejudgment interest is within the discretion of the trial court. *See Schoen v. J.C. Bradford & Co.*, 667 S.W.2d 97, 1984 Tenn. App. LEXIS 2605 (Tenn. Ct. App. 1984); *Teague Bros., Inc. v. Martin & Bayley, Inc.*, 750 S.W.2d 152, 1987 Tenn. App. LEXIS 3040 (Tenn. Ct. App. 1987); *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 1992 Tenn. LEXIS 722 (Tenn. 1992), rehearing denied, -- S.W.2d --, 1993 Tenn. LEXIS 142 (Tenn. Mar. 29, 1993); *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 1992 Tenn. LEXIS 722 (Tenn. 1992), rehearing denied, -- S.W.2d --, 1993 Tenn. LEXIS 142 (Tenn. Mar. 29, 1993); *Hartman v. State* -- S.W.3d --, 2003 Tenn. App. LEXIS 285 (Tenn. Ct. App. Apr. 14, 2003); *Harrison v. Laursen*, 128 S.W.3d 204, 2003 Tenn. App. LEXIS 545 (Tenn. Ct. App. 2003), appeal denied, -- S.W.3d --, 2004 Tenn. LEXIS 112 (Tenn. Feb. 2, 2004).

35. The alleged debt Wakefield is attempting to collect from Plaintiff by sending out the collection letter did not have any interest added to it by the actual original creditor, before it was assigned to Wakefield for collection from Plaintiff.

36. Wakefield added prejudgment interest to the alleged debt when it started collecting it.

37. By communicating to Plaintiff, that Plaintiff owed a different and greater amount than what she actually owes, Wakefield violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, and 1692f(1).

*Summary*

38. The above-detailed conduct by Wakefield in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of multiple provisions of the FDCPA including, but not limited to the above-cited provisions.

## TRIAL BY JURY

39. Plaintiff is entitled to and hereby respectfully demands a trial by jury. **U.S. Const. amend. 7; Fed.R.Civ.P. 38.**

## CAUSES OF ACTION

### COUNTS I-VII

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B),
1692e(10), 1692f, 1692f(1), and 1692g(a)(2)**

40. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

41. Wakefield's foregoing acts and omissions constitute numerous and multiple FDCPA violations including, but not limited to each and every one of the above-cited FDCPA provisions, with respect to Plaintiff.

42. As a result of Wakefield's FDCPA violations, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Wakefield.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Wakefield:

### COUNTS I-VIII

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B),
1692e(10), 1692f, 1692f(1), and 1692g(a)(2)**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Wakefield and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against Wakefield, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Wakefield and for Plaintiff; and

- for such other and further relief, as may be just and proper.

07/08/19                                      Respectfully submitted,

**TARA W. RAINES**

                                                          s/     Alan C. Lee
Alan C. Lee, BPR # 012700
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
aleeattorney@gmail.com

s/ Brent S. Snyder
Brent S. Snyder, BPR #021700
2125 Middlebrook Pike
Knoxville, TN 37921
(865) 546-2141
Brentsnyder77@gmail.com

Attorneys for Plaintiff